NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE IZZEL G.

No. 1 CA-JV 18-0383
FILED 1-17-2019

Appeal from the Superior Court in Yuma County
No. S1400JV20180302
The Honorable Mark W. Reeves, Judge

**VACATED AND REMANDED**

COUNSEL

Penny Higginbottom, Yuma
*Counsel for Appellant Izzel G.*

Yuma County Attorney's Office, Yuma
By Chris Aaron Weede
*Counsel for Appellee*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

---

**T H U M M A**, Chief Judge:

¶1        Sixteen-year-old Izzel G. appeals from superior court orders accepting her admission to a petition alleging three violations of her terms of Juvenile Intensive Probation services (JIPS), revoking her probation and reinstating her on JIPS with placement in the Aim for Success Program. Izzel argues the court failed to inform her, at either of the August 2018 hearings involved, that she had a right to a court-appointed attorney and erred in failing to appoint an attorney to represent her. She also argues the record does not show that Izzel or her mother had the means to hire a private attorney.

¶2        Appellee Yuma County Attorney concedes error and asks this court to vacate the revocation and reinstatement of JIPS. As noted by Appellee, "the trial court judge neglected to give a clear option to have a court appointed attorney for the Juvenile. Accordingly, the Juvenile may well have thought that if she could not afford an attorney that self-representation was the only option. At the very least the record is unclear," resulting in the confession of error.

¶3        Izzel has a right to be represented by an attorney in this matter. Ariz. Rev. Stat (A.R.S.) § 8-221(A); *see also In re Gault*, 387 U.S. 1 (1967). If deemed indigent, Izzel has a right to court-appointed counsel to represent her in this matter. A.R.S. § 8-221(B). Although Izzel can waive this right to counsel, A.R.S. § 822(D); Ariz. R. Crim. P. 6.2(c), the record reveals no such knowing, voluntary and intelligent waiver.

¶4        Having considered the parties' briefs and the relevant portions of the record, this court accepts Appellee's confession of error. Accordingly, the revocation of Izzel's probation and the order reinstating her on JIPS with placement in the Aim for Success Program is vacated and this matter is remanded to the superior court for further proceedings consistent with this decision.

